IN THE UNITED STATES DISTRICT COURT<br>FOR THE MIDDLE DISTRICT OF TENNESSEE<br>AT COLUMBIA

| | | |
|---|---|---|
| **NANCY BYRD** | ) | |
| | ) | **Case No. 1:25-cv-00063** |
| **v.** | ) | |
| | ) | |
| **FRANK BISIGNANO,** *Commissioner of Social* | ) | |
| *Security of the United States of America* | ) | |

**To:    The Honorable Waverly D. Crenshaw, Jr., District Judge**

## REPORT AND RECOMMENDATION

Plaintiff Nancy Byrd filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Social Security Administration ("SSA") denying her disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 9), to which Defendant SSA has responded (Docket No. 11). This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) for initial consideration and a report and recommendation. (Docket No. 10.)

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket No. 9) be **GRANTED**.

## I.    INTRODUCTION

On June 17, 2022, Plaintiff proactively filed an application for DIB and SSI. (Transcript of the Administrative Record (Docket No. 7) at 19).[1] In her applications, Plaintiff asserted that, as of

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

the alleged onset date of March 1, 2022, she was disabled and unable to work due to the following physical or mental conditions: left groin pain, anxiety, history of cervical cancer, high cholesterol, high blood pressure. (AR 249.)

The claim was denied initially on February 24, 2023 (AR 61–78) and upon reconsideration on October 5, 2023 (AR 79–99). On May 23, 2024, Administrative Law Judge ("ALJ") Linda Gail Roberts-Reap held a telephonic hearing at which Plaintiff appeared with a representative and testified. (AR 68–87.) On July 24, 2024, the ALJ denied Plaintiff's claim. (AR 19–30.) On June 4, 2025, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (AR 1–3.) Plaintiff then timely commenced this civil action pursuant to 42 U.S.C. § 405(g) on July 24, 2025. (Docket No. 1.)

## II.    THE ALJ'S FINDINGS

In her July 24, 2024 decision, the ALJ included the following enumerated findings:

1.    The claimant meets the insured status requirements of the Social Security Act through June 30, 2024.

2.    The claimant has not engaged in substantial gainful activity since March 1, 2022, the alleged onset date of disability (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.    The claimant has the following severe impairments: osteoarthritis, mild degenerative disc disease of the lumbar spine, history of cervical cancer, obesity, depressive disorder, and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.    After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except she can sit for a total of six hours in an eight-hour day; stand and/or walk for a total of six hours in an eight-hour day; frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; understand and remember simple and detailed tasks/instructions with lower level complexity for semi-skilled work; can attend/persist on such tasks with routine breaks; can relate with supervisors, peers,

2

and the general public for such tasks; and can adapt to occasional workplace changes.

6.    The claimant is capable of performing past relevant work as a tacking-machine operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7.    The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2022, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(AR 22–29.)

## III.    REVIEW OF THE RECORD

The parties and the ALJ, in combination, have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV.    DISCUSSION AND CONCLUSIONS OF LAW

### A.    Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (1) whether the SSA's decision is supported by substantial evidence, and (2) whether the proper legal criteria were applied to the SSA's decision. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). The SSA's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley,* 581 F.3d at 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.

2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially like that in *Richardson*).

The SSA utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. First, if the claimant is engaged in substantial gainful activity, she is not disabled. *Id.* Second, if the claimant does not have a severe medically determinable impairment that meets the 12-month durational requirements, she is not disabled. *Id.* Third, if the claimant suffers from a listed impairment, or its equivalent, for the proper duration, she is presumed disabled. *Id.* Fourth, if the claimant can perform relevant past work based on her residual functional capacity ("RFC"), which is an assessment of "the most you [the claimant] can still do despite your limitations," 20 C.F.R. § 404.1545(a)(1), she is not disabled. *Id.* Fifth, if the claimant can adjust to other work based on her RFC, age, education, and work experience, she is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the SSA at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the SSA's decision is limited to the record made in the administrative hearing process. *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try a case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B.     The ALJ's Five-Step Evaluation of Plaintiff**

At step one, the ALJ found that Plaintiff met the insured status requirements through June 30, 2024 and had not engaged in substantial gainful activity since March 1, 2022, the alleged onset date. (AR 22.) At step two, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis, mild degenerative disc disease of the lumbar spine, history of cervical cancer, obesity, depressive disorder, and anxiety disorder. (AR 22.) Nevertheless, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 22–25.) At step four, the ALJ determined that Plaintiff had the RFC to perform medium work with certain exertional and non-exertional limitations. (AR 25–28.) Finally, at step five, the ALJ determined that Plaintiff was capable of performing past relevant work as a tacking-machine operator. (AR 28–29.) Therefore, the ALJ concluded that Plaintiff had not been under a disability from March 1, 2022, the alleged onset date, through July 24, 2024, the date of the decision. (AR 29.)

**C.     Plaintiff's Assertion of Error**

Plaintiff makes two assertions of error: (1) the ALJ inadequately weighed and considered medical opinion evidence in assessing Plaintiff's RFC, and (2) the ALJ improperly evaluated Plaintiff's disabling symptoms. (Docket No. 9-1 at 8–15.) Plaintiff asks the Court to reverse the SSA's decision and remand the matter back to the SSA for pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 15.)

1.     <u>The ALJ's Consideration of the Medical Opinion Evidence</u>

When evaluating medical opinion evidence, the ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," but is instead

5

directed to consider the "persuasiveness" of the medical opinions based on five categories, which include: (1) supportability, (2) consistency, (3) the provider's relationship with the claimant, (4) the provider's specialization, and (5) other factors such as familiarity with the disability program's policies. 20 C.F.R. § 404.1520c(a)-(c).

The first and second factors – supportability and consistency – are the "most important" in a "persuasiveness" analysis. *Id.* § 404.1520c(a). In assessing supportability, medical opinions and prior findings are "more persuasive" if the objective medical evidence and explanations that are used to support those opinions or findings are "more relevant." *Id.* § 404.1520c(c)(1). In assessing consistency, medical opinions and prior findings are "more persuasive" if they are "more consistent" with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2). These two factors have been described as follows:

> In other words, supportability addresses whether a medical professional has sufficient justification for their own conclusions. . . . Consistency, by contrast, requires the ALJ to compare the medical opinion at issue to "other medical and nonmedical sources."

*Elizabeth A. v. Comm'r of Soc. Sec.*, No. 2:22-cv-02313, 2023 WL 5924414, at *4 (S.D. Ohio September 12, 2023) (citations omitted).

These two most important factors – supportability and consistency – must be explained, while the other three factors may be explained. *Id.* § 404.1520c(b)(2). To determine the persuasiveness of a particular medical opinion, a court must evaluate whether the ALJ properly considered the factors set forth in the regulations. *Toennies v. Comm'r of Soc. Sec.*, No. 1:19-CV-02261, 2020 WL 2841379, at *14 (N.D. Ohio June 1, 2020) (quoting *Ryan L.F. v. Comm'r of Soc. Sec.*, No. 6:18-cv-01958, 2019 WL 6468560, at *4 (D. Or. Dec. 2, 2019)).

The applicable SSA regulations "require that the ALJ provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-cv-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec.

6

11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 20-1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). The ALJ must provide a "minimum level of articulation" in her determinations and decisions to "provide sufficient rationale for a reviewing adjudicator or court." *Warren I v. Comm'r of Soc. Sec.*, No. 20-495, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01 (2017)). A failure to meet these "minimum levels" of articulation "frustrates" the court's ability to determine if the ALJ's decision was supported by substantial evidence. *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 906 (quoting *Vaughn v. Comm'r of Soc. Sec.*, No. 20-1119, 2021 WL 3056108, at *11 (W.D. Tenn. July 20, 2021)).

Plaintiff contends that the ALJ failed to properly consider the medical opinions of psychological consultative examiners Jana A. Carroll, M.S. and R. Scott Beebe, Ph.D. and of internal medicine consultative examiner Woodrow Wilson, M.D.

On December 28, 2022, Plaintiff underwent a psychological evaluation with Ms. Carroll and Dr. Beebe. (AR 329–33.) They considered Plaintiff's background information; medical, personal, education, and employment history; activities of daily living; and mental status. They found that, due to depression and anxiety, Plaintiff's ability to understand and remember was marked; her ability to sustain concentration and persistence was moderate; her ability to interact socially was moderate; and her ability to adapt was moderate. They stated:

> Mrs. Byrd presented in a credible manner. Short-term memory appears somewhat limited, while long-term memory appears good. Concentration appears lower than typical. Behaviorally, she appears to be functioning intellectually within the low average range. Judgment, planning abilities and insight appear adequate. Mood appeared to be mildly dysphoric. Behavioral observations suggested moderate anxiety.

Accordingly, Ms. Carroll and Dr. Beebe diagnosed Plaintiff with generalized anxiety disorder and major depressive disorder.

7

On August 29, 2023, Plaintiff underwent a physical examination with Dr. Wilson. (AR 373–75.) Dr. Wilson considered Plaintiff's allegations; her medical, surgical, social, and family history; her medications and allergies; a physical examination; and "old records." Based on this review and examination, Dr. Wilson diagnosed Plaintiff as follows: "1. History of cervical cancer treated with chemotherapy and radiation apparently in remission. 2. History of left groin pain which has improved, etiology uncertain. 3. History of hypertension. 4. History of hypercholesterolemia. 5. Apparent history of myocardial infarction with normal angiogram. I have no documentation of that. 6. Obesity." He concluded, "This client could sit for six to eight hours in an eight-hour day, standing and walking two to four hours each. She can lift 20 to 30 lbs occasionally. She is able to take care of her own activities of daily living." Dr. Wilson also ordered x-ray imaging of Plaintiff's hip, pelvis, and spine on August 29, 2023. (AR 371–72.) The imaging revealed mild symphysis pubis osteoarthritis and degenerative disc changes, but no acute findings.

In her decision, the ALJ discussed the findings and opinions of Ms. Carroll and Dr. Beebe as well as Dr. Wilson. (AR 26–27.) The ALJ found that Ms. Carroll and Dr. Beebe's opinion as to Plaintiff's mental limitations was "partially persuasive." Two of the mental limitations – Plaintiff's marked ability to understand and remember and her moderate ability to interact socially – were "not supported by their examination findings" and were "not consistent with the claimant's treatment records or reports of the claimant's activities of daily living." The ALJ found that Dr. Wilson's opinion as to Plaintiff's physical limitations was "not persuasive." The physical limitations – Plaintiff could "sit for six to eight hours in an eight-hour day; stand and walk two to four hours each in an eight-hour day; and lift 20 to 30 pounds occasionally" – were "overly restrictive and not fully supported by his examination findings including the mild x-ray results of

the claimant's left hip and lumbar spine" and "not consistent with the claimant's treatment records." (AR 27–28.)

Plaintiff argues that the ALJ improperly evaluated both opinions because she substituted her opinion for that of a medical professional, cherry picked evidence from the record, and focused on Plaintiff's activities of daily living to discount the opinions. (Docket No. 91- at 9–10.) In response, the SSA asserts that the ALJ properly considered Ms. Carroll and Dr. Beebe's opinion because treatment notes show that Plaintiff was alert, oriented, and could maintain certain activities of daily life. (Docket No. 11 at 9.) The SSA also asserts that the ALJ properly considered Dr. Wilson's opinion because the limitations were not fully supported by examination findings, including the mild x-rays results, and were not consistent with Plaintiff's treatment records. (*Id.* at 11.)

The ALJ's brief analysis of Ms. Carroll and Dr. Beebe's opinion and of Dr. Wilson's opinion, without more explanation or citation to the record, does not satisfy the standards set forth under the regulations at 20 C.F.R. § 404.1520c. Although the ALJ offers some explanation for her conclusion that the decisions were partially persuasive or not persuasive, her decision does not enable this Court to undertake a "meaningful review," which "frustrates" the Court's ability to determine if the ALJ's decision was supported by substantial evidence. *Terhune*, 2022 WL 2910002 at *3; *Hardy*, 554 F. Supp. 3d at 906.

With respect to Ms. Carroll and Dr. Beebe, the ALJ states that two of their mental limitations were "not supported" by their examination findings, but fails to point to any particular findings. Similarly, the ALJ states that their limitations were "not consistent" with Plaintiff's treatment record or activities of daily living, but fails to point to any particular records or activities. With respect to Dr. Wilson, the ALJ states that his limitations were "overly restrictive," but she

9

Case 1:25-cv-00063   Document 12   Filed 03/18/26   Page 9 of 12 PageID #: 455

does not provide any further information or explanation. Similarly, the ALJ states that Dr. Wilson's limitations are "not consistent" with Plaintiff's treatment records, but fails to point to any treatment records or explain how they are inconsistent.

Overall, the ALJ does not point to specific evidence in the record that contradicts or calls into question Ms. Carroll and Dr. Beebe's position or Dr. Wilson's position on these limitations. It may well be that their findings are not supported by their own examinations or consistent with the other evidence in the record, but the ALJ has failed to adequately explain why she reached these conclusions. Although the ALJ discusses and summarizes these two opinions at an earlier point in her discussion, that is not enough to allow the Court to gain a meaningful understanding of why the ALJ believes two opinions are neither supportable nor consistent. In other words, the Court is left to wonder in what respect the limitations are too restrictive, are not supported, or are inconsistent, as well as the reasons why the ALJ believes this to be the case.

Rather, in its briefing, the SSA points to other treatment notes that allegedly show inconsistencies with Ms. Carroll and Dr. Beebe's mental limitations and to "[o]ther medical providers" who "noted that Plaintiff had full strength, full ranges of motion, and normal reflexes" that allegedly show inconsistencies with Dr. Wilson's physical limitations. (Docket No. 11 at 9 (citing AR 336, 343, 351, 357, 365, 376, 378); *id.* at 11 (citing AR 376, 378–79).) However, after-the-fact explanations from the SSA's counsel, like the ones offered here, are insufficient and can have no impact on the Court's analysis. *See Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) ("In reviewing an ALJ's findings and conclusions, this Court shall not 'accept appellate counsel's *post hoc* rationalization for agency action in lieu of [accurate] reasons and findings enunciated by the Board.'") (quoting *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991)).

As it stands, the ALJ's discussion of Ms. Carroll and Dr. Beebe's opinion and of Dr. Wilson's opinion leaves the Court to wonder how the ALJ reached her conclusion. Accordingly, the Court cannot find that the ALJ appropriately weighed these opinions because the ALJ failed to consider the supportability and consistency factors as required under the regulations. This failure frustrates the Court's ability to determine whether Plaintiff's disability determination was supported by substantial evidence. *See Hardy*, 554 F. Supp. 3d at 906; *Todd v. Comm'r of Soc. Sec.*, No. 3:20-cv-1374, 2021 WL 2535580, at *7–8 (N.D. Ohio June 3, 2021) (finding that the "ALJ's terse reasoning failed to build an accurate and logical bridge between the evidence and his conclusion that Dr. Sprout's opinion was substantially inconsistent with the medical record"). For these reasons, remand is required.

2.      The ALJ's Evaluation of Plaintiff's Disabling Symptoms

In her second assertion of error, Plaintiff contends that the ALJ did not properly evaluate her disabling symptoms because she "interpret[ed] clinical findings without any medical expertise," did not adequately consider the side effects and efficacy of Plaintiff's medications, and "unduly relie[d]" on Plaintiff's daily activities. (Docket No. 9-1 at 12–15.)

However, because the Court finds that remand of this matter is required so that the ALJ can properly consider Ms. Carroll and Dr. Beebe's opinion and Dr. Wilson's opinion, the Court finds it unnecessary to determine whether the ALJ properly evaluated Plaintiff's disabling symptoms. *See Sparks v. Kijakazi*, No. 2:21-CV-102, 2022 WL 4546346, at *12 (E.D. Tenn. Sept. 28, 2022) (citing *King v. Kijakazi*, No. 1:20-CV-196, 2021 WL 3520695, at *9 (E.D. Tenn. July 21, 2021)); *Palmore v. Comm'r of Soc. Sec.*, No. 1:20-CV-36, 2021 WL 1169099, at *9 (S.D. Ohio Mar. 29, 2021) (finding it unnecessary to address remaining assignments of error "[a]s resolution of this issue on remand may impact the remainder of the sequential evaluation process"). The Court

11

therefore declines to address Plaintiff's remaining argument regarding the ALJ's evaluation of Plaintiff's disabling symptoms.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully **RECOMMENDED** that Plaintiff's motion for judgment on the administrative record (Docket No. 9) be **GRANTED**, and this matter be **REMANDED** to the Social Security Administration for further administrative proceedings consistent with the Report and Recommendation.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

12